**MIRA–PAK, INC., et al., Appellants,**

v.

**G. E. POSEY CORPORATION, Appellee.**

**No. 5788.**

Court of Civil Appeals of Texas, Waco.

April 27, 1978.

Rehearing Denied May 25, 1978.

B. Edward Williamson, Prappas, Moncure, Harris & Termini, Daniel O. Newsom, Houston, for appellants.

Robert Eikel, Eikel & Davey, Houston, for appellee.

OPINION

JAMES, Justice.

This is a suit in contract, quasi-contract and negligence to recover $4,067.42 representing penalties and expenses incurred by Plaintiff-Appellee G. E. Posey Corporation (hereinafter called "Posey") while acting as a customs broker for Defendant-Appellants in connection with an automatic wrapping machine owned by Defendant-Appellant Mira-Pak, Inc., and exported by Mira-Pak to a customer in Montreal, Canada. Upon the refusal of the Canadian customer to accept the machine (because it was damaged), the machine was reimported back into the United States at Houston, Texas,

to Mira-Pak. Specifically, Plaintiff Posey sued to recover the penalties and expenses incurred by it in obtaining the release of the machine from the U. S. Customs Service at the time the machine was returned from Canada to Houston.

As stated, Plaintiff Posey is a corporation engaged in the business of customs brokering. Defendant Mira-Pak is a corporation in the business of manufacturing and shipping automatic packaging machines. The other Defendant-Appellant is Constable and Madison, Inc., a corporation engaged in the business of freight forwarding.

Trial was had to a jury which found (or failed to find) as follows:

(1) Plaintiff Posey acted as agent for Defendant Constable and Madison in making the Consumption Entry to obtain release by Customs of the packaging machine to Defendant Mira-Pak.

(2) Plaintiff Posey acted as agent for Defendant Mira-Pak in making said Consumption Entry.

(3) Payment by Reliance Ins. Co. to Customs of the dutiable amount set forth on the Consumption Entry was a payment made as a matter of business necessity or compulsion.

(3A) Plaintiff Posey paid Reliance Insurance Co. the dutiable amount which Reliance Ins. Co. paid to the Bureau of Customs.

(4) Plaintiff Posey's payment to Reliance of the amount paid by Reliance to Customs was made as a matter of business necessity or compulsion.

(5) The charges made by Reliance Ins. Co. for its services in paying the dutiable amount set forth on the Consumption Entry were reasonable.

(6) The charges made by Plaintiff Posey for its services in connection with preparation of the Customs protest and payment of the dutiable amount on the Consumption Entry were reasonable.

(7) Failed to find that the agency between Defendant Constable and Madison and Plaintiff Posey was terminated on or before May 20, 1968.

(8) Failed to find that Plaintiff Posey acted as agent solely for Defendant Mira-Pak in connection with the transaction in question.

(9) There was no Special Issue Number 9 submitted.

(10) Failed to find that Plaintiff Posey failed to timely inform Defendant Mira-Pak that the machine in question should be re-exported in order to avoid assessment of a penalty by Customs.

(13) Failed to find that Defendant Constable and Madison failed to timely inform Mira-Pak that the machine in question must be re-exported in order to avoid the assessment of a penalty by the Bureau of Customs.

After jury verdict the trial court entered judgment in favor of Plaintiff Posey against Defendant Constable & Madison and Defendant Mira-Pak, jointly and severally, in the amount of $4,067.42 with 6% interest per annum from May 31, 1973, to date of judgment, and 9% per annum from the date of judgment until paid. Defendant Constable and Madison was denied any judgment over against Defendant Mira-Pak for indemnity or contribution. In this connection it should be pointed out that Constable and Madison had pleaded and prayed for such relief against Mira-Pak. From this judgment both Defendants appeal. We reform the trial court's judgment in the manner hereinafter indicated, and as reformed, we affirm said judgment.

■ Both Appellants assert there is no evidence and insufficient evidence that Plaintiff Posey paid Reliance Insurance Company any money. We overrule these contentions, because there is direct evidence in the record to the effect that Plaintiff Posey paid and reimbursed Reliance Insurance Co. the dutiable amount theretofore paid by Reliance to the Bureau of Customs.

Appellant Constable and Madison further contend that there is no evidence and insufficient evidence that Plaintiff Posey was acting as agent for Constable & Madison in performing the acts of clearing the machine

through U. S. Customs. We overrule these contentions, and hold that such evidence of agency is both legally and factually sufficient.

Plaintiff Posey was licensed by the Bureau of Customs as a customhouse broker, whose function is to receive documents covering merchandise entering this country and to prepare the necessary documents for clearance through Customs. Included in such function is obtaining the release from Customs of shipments by either paying the duty or by posting a bond for the release of the shipment so that it can be delivered to the inland carrier for transportation to final destination.

Prior to the events which led to this litigation, Posey had for several years acted as customhouse broker on behalf of Mira-Pak through Constable & Madison in connection with the importation of packing machines from West Germany.

The machine in question had been exported by Mira-Pak from Houston, Texas, to a customer in Montreal, Canada. When the Canadian customer received the machine, it was damaged, and the customer refused to accept it, and thereupon ordered it returned to Mira-Pak. When the machine was in the process of re-entering the United States, the events occurred which brought about the instant litigation.

Mr. Woodman, Mira-Pak's house counsel, telephoned Herman Constable, the president of Constable & Madison, and told Mr. Constable that the machine was in Customs at the Roadway Express Terminal in Houston, that Mira-Pak wanted to get possession of the machine so it could be repaired and then sent back to Mira-Pak's customer in Canada. Woodman asked Constable what had to be done in order to have the machine released by Customs so that it could be delivered to Mira-Pak's plant for repairs.

Constable then called Plaintiff Posey's import manager, a Mr. Burrell, who advised Constable that Customs would release the machine upon the execution of a "Temporary Importation Bond" (T.I.B.), which is also called a "Consumption Entry." Burrell told Constable that this was the most effi-

cient method of handling the matter. Constable then, at the request of Mira-Pak, asked Plaintiff to get the machine released from Customs and to go to Roadway Express so as to pick up the invoice and other necessary shipping documents in order to obtain the information needed to prepare the Consumption Entry for submission to Customs.

Plaintiff carried out Constable's request, and prepared the Consumption Entry dated May 20, 1968, and the following notation appears thereon:

"Imported for the purpose of re-working and repairing and return to Canada. Not imported for sale or for sale on approval."

The above notation was based on information furnished by Mira-Pak's chief export clerk to Constable & Madison, and then in turn relayed by Constable & Madison to Plaintiff. The duty for this machine (had it been paid) would have been $1,865.43; however, by the filing of the Temporary Importation Bond in twice this amount, to wit, $3,730.86, the duty would not have to be paid if the conditions of the bond were met. Under the terms of the T.I.B., the machine had to be exported within one year or destroyed under Customs supervision in order to avoid the assessment of the penalty.

Plaintiff set up this account in the name of Constable & Madison, prepared the T.I.B. by (Plaintiff) executing the bond as principal in the amount of $3,730.86 with Reliance Insurance Co. as surety, submitted the bond to Customs, and secured the release of the machine from Customs. Then Plaintiff furnished a copy of the T.I.B. (Consumption Entry) to Constable & Madison together with an invoice in the amount of $30.00 for services rendered in connection with obtaining the release of the machine; and thereupon Constable & Madison paid the invoice.

Constable & Madison requested Plaintiff to apply to Customs for a one-year extension on the T.I.B., which Plaintiff did. Customs granted the extension to April 29, 1970. Then on October 28, 1969, Plaintiff wrote a letter to Constable & Madison and

inquired as to the status of the machine and advised that the penalty would be "quite large" in the event the terms of the T.I.B. were not complied with. Thereafter, Constable & Madison requested Plaintiff to apply to Customs for another extension of time. Plaintiff did apply, and Customs granted a second extension of time to April 29, 1971. By letter of April 14, 1970, Plaintiff wrote Constable & Madison advising of the new time extension and again asked for a status report concerning the machine. In turn, Mr. Constable wrote a letter to Mira-Pak reminding Mira-Pak that the machine had been brought into this country on a T.I.B. for the purpose of repair, that the repairs had not been made, and told Mira-Pak that unless something was done so as to finalize the clearance with Customs, that a duty penalty in the amount of $3,730.86 would have to be paid. Plaintiff Posey was sent a copy of the above letter, and upon receipt of same, Mr. G. E. Posey, Plaintiff's vice president, contacted Mr. Enderson, Mira-Pak's chief export clerk. Mr. Enderson stated that the machine had been disposed of and inquired as to what could be done to mitigate the penalty. What had happened was, that on February 12, 1969, Mira-Pak sold the machine in its unrepaired condition for $6,000.00 to a firm in Chicago. From the record, it seems this is the first time either Plaintiff Posey or Defendant Constable & Madison had been furnished any information as to the disposition that Mira-Pak had made of the machine, this being some fourteen months after such disposition. Learning these facts, Mr. Posey asked Mr. Enderson to supply him with all the relevant facts, and stated that he, Posey, would do his best to secure a release from Customs so as to avoid the penalty. Posey asked Enderson to write a letter addressed to Customs but delivered to Posey setting out the pertinent information, which Enderson did, and sent a copy thereof to Constable & Madison. Plaintiff Posey then filed a petition with Customs seeking to mitigate or avoid the penalty, which was unsuccessful. Customs demanded payment of the $3,730.86 within 60 days from August 5, 1971.

Having received this demand from Customs, Plaintiff so advised both Mira-Pak and Constable & Madison and made demand upon both Defendants to pay said $3,730.86 directly to Customs. Neither Defendant paid the penalty nor any part thereof. Neither did Plaintiff Posey pay Customs' demand, whereupon Reliance Ins. Co., the surety on Plaintiff's Bond, paid Customs in full the penalty of $3,730.86. Plaintiff Posey then reimbursed Reliance for the $3,730.86 plus service charges incident thereto, and then brought this suit against both Defendants for the penalty money paid out by Plaintiff plus the incidental expense, all totalling $4,067.42.

In our opinion the evidence is ample to show that throughout these transactions Plaintiff Posey was acting as agent for Constable & Madison.

Appellant Constable & Madison further contends that the evidence conclusively shows that Constable & Madison was acting as agent for Mira-Pak, and therefore Constable & Madison was entitled to judgment over against Mira-Pak by way of indemnity as a matter of law, and for this reason the trial court erred in denying Constable & Madison such a judgment over against Mira-Pak. We sustain this contention.

■ The machine in question was delivered to Mira-Pak after entry of the T.I.B. resulted in Customs clearance. Herman Constable sent a copy of the T.I.B. to Mira-Pak, and Mr. Enderson of Mira-Pak was aware that the bond provided for repair and return of the machine. He stated, "It was our intention to repair it." However, Mira-Pak decided it could not be repaired, and in February, 1969, sold it to a firm in Chicago. As chief export clerk for Mira-Pak, Enderson used Constable & Madison for forwarding freight. Without detailing all of the transactions and contacts between Mira-Pak and Constable & Madison, it is clear from the record that the conduct of the parties and the circumstances conclusively establish that the acts of Constable & Madison were performed for the benefit of and under the direction of Mira-Pak. This be-

ing so, Mira-Pak is liable and bound to indemnify Constable & Madison from Plaintiff's judgment against Constable & Madison under the established rule that a principal is bound to indemnify his agent for the agent's loss proximately resulting from the good faith execution of the agency. *Oats v. Dublin National Bank* (Comm.App.1936) 127 Tex. 2, 90 S.W.2d 824, 829, opinion adopted. Also see 2 Tex.Jur.2d "Agency," Section 135, page 585; *Modine Manufacturing Co. v. Northeast Ind. School District* (Beaumont CA 1973) 503 S.W.2d 833 at page 845, NRE.

Appellants have other points and contentions, all of which we have carefully considered, and we overrule same for want of merit.

Judgment of the trial court is reformed by awarding Appellant Constable & Madison judgment over against Appellant Mira-Pak by way of indemnity for all sums which it may pay to Appellee G. E. Posey Corporation pursuant to the terms of the trial court's judgment, together with its costs in the trial court in this behalf expended. As reformed, said judgment is affirmed.

Costs of this appeal are taxed one-third (⅓) against Appellant Constable & Madison and two-thirds (⅔) against Appellant Mira-Pak.

REFORMED AND AFFIRMED.