**AVIATION OFFICE OF AMERICA, INC. and U.S. Fire Insurance Company, Appellants,**

v.

**ALEXANDER & ALEXANDER OF TEXAS, INC., Appellee.**

No. 05–86–01280–CV.

Court of Appeals of Texas, Dallas.

Dec. 18, 1987.

Rehearing Denied Jan. 21, 1988.

Reversed April 6, 1988.

Clayton E. Devin, Geoffrey C. Graham, Sudie Thompson, Dallas, for appellants.

Bart Wulff, Dallas, for appellee.

Before STEPHENS, ROWE and McCRAW, JJ.

STEPHENS, Justice.

This case originally arose out of a dispute concerning the denial of an insurance claim. Rotor–Way Helicopter Services, Inc. brought suit against Aviation Office of America, Inc. and U.S. Fire Insurance Company, Inc., (hereinafter referred to collectively as AOA), to recover under an insurance policy for damages it sustained in a helicopter accident. AOA filed a cross-claim against its agent, Alexander & Alexander of Texas, Inc. (hereinafter Alexander) for contribution and indemnity. Alexander also filed a cross-claim against AOA for contribution and indemnity. AOA and

Alexander settled with Rotor–Way before trial. At trial, the jury found that both AOA and Alexander were negligent in dealing with their insurance client.

In two points of error, AOA asserts that (1) there is no evidence to support the jury's finding of negligence, and (2) the court erred in refusing its claim for complete indemnity. Alexander presents two cross-points, claiming: (1) there is no evidence to warrant submission of the special issue concerning Alexander's negligence, nor to support the jury's finding of negligence, and (2) the court erred in not granting Alexander complete indemnity from AOA as a matter of law. We agree that Alexander should have complete indemnity from AOA and, accordingly, reverse the trial court's judgment and render judgment for Alexander's complete indemnity.

AOA, through its underwriter, Tom Crull, received an order from Alexander to issue a policy for a Rotor–Way helicopter to bind coverage effective August 13, 1980. The policy insured one specific helicopter and provided a specific pilot warranty applicable only to that aircraft. A second helicopter was added to the policy later in August and once again the policy included a specific pilot warranty for that specific helicopter. Rotor–Way had two additional helicopters insured through a Lloyd's of London policy which was effective until February 27, 1981. On December 30, 1980, Alexander's employee Michelle Adams sent a memorandum to Crull requesting that these two additional helicopters be added to Rotor–Way's existing AOA policy. The memorandum provided information about the make and model of the two additional helicopters which had been leased to the FAA in Oklahoma City for "checkout flights." Attached to the memorandum was a copy of the Lloyd's policy in effect at that time. The memorandum stated, "Please check and make sure we will be providing the same coverages."

At trial, Crull conceded that the two additional helicopters were being used for entirely different purposes than the two helicopters already on the AOA policy, and that the Lloyd's pilot warranty clause was "substantially" broader than the pilot warranty clauses in the existing AOA policy. Crull did not consult with Alexander concerning the differences in the pilot warranty clauses, but decided to add the coverage with a pilot warranty clause similar to the ones AOA already had in effect, even though they were more restrictive than that found in the Lloyd's policy. No written communication concerning the additions to the AOA policy was sent to Alexander or to Rotor–Way. Only after one of the newly insured helicopters crashed on March 19, 1981, did Alexander receive the written policy endorsement. The endorsement was not mailed until March 31, but contained a notation that it had been typed on March 18.

AOA denied coverage of Rotor–Way's property damage because the pilots involved in the crash did not meet the more stringent requirements of AOA's pilot warranty clause, even though the parties stipulated that the pilots had sufficient qualifications to meet the requirements under the expired Lloyd's policy. Rotor–Way brought suit against AOA and Alexander alleging several causes of action, including negligence. After discovery, AOA and Alexander entered into a settlement agreement with Rotor–Way in which they stipulated that one, or both of them, had been negligent. Each paid $17,500 to Rotor–Way, but retained their rights to sue for contribution and indemnity.

At trial, the jury determined that AOA was eighty percent negligent and Alexander was twenty percent negligent. The trial court ordered that Alexander recover $10,500 from AOA to comport with the jury finding that Alexander was only twenty percent negligent. The court did not award attorney's fees.

In its second cross-point, Alexander alleges that it is entitled to complete indemnity, including attorney's fees as a matter of law. Alexander was acting as AOA's agent when it communicated its request for the additional helicopters to be added to AOA's policy. The jury found Alexander and AOA negligent and that such negligence was a proximate cause of

Rotor–Way's damages. One of the recognized exceptions to the rule that there may be no contribution or indemnity between wrongdoers is that "an agent, who in the performance of duties for his principal incurs liability for an act not morally wrong, may have indemnity from the principal." *Oats v. Dublin National Bank*, 127 Tex. 2, 11–12, 90 S.W.2d 824, 829 (1936); *Bellefonte Underwriters Insurance Co. v. Brown*, 663 S.W.2d 562, 572 (Tex.App.—Houston [14th Dist.] 1983), *aff'd in part, rev'd in part on other grounds*, 704 S.W.2d 742 (Tex.1986); *see Mira–Pak, Inc. v. G.E. Posey Corp.*, 566 S.W.2d 86, 89–90 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *Modine Manufacturing Co. v. North East Independent School District*, 503 S.W.2d 833, 845 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). Although the jury found Alexander to be negligent, there is no evidence that its actions were "morally wrong"; therefore, as AOA's agent it is entitled to indemnity. Further, this right to indemnity includes an award of reasonable attorney's fees. *Bellefonte*, 663 S.W.2d at 584; *Modine*, 503 S.W.2d at 845.

Although the trial court did not award attorney's fees, the jury did answer the special issue concerning reasonable attorney's fees. We hold that in accordance with the jury's findings, Alexander is entitled to recover attorney's fees from AOA in the amount of $54,100 for proceedings at the trial level; $5,000 for proceedings in this court; $5,000 if application for writ of error to the Supreme Court is filed; and $5,000 if the writ of error is granted. We sustain Alexander's second cross-point.

The only issue determined at trial was whether the parties were entitled to contribution or indemnity. We have held that Alexander is entitled to complete indemnity from AOA for any negligence. AOA has stipulated that either its agent or itself was negligent, thereby entitling Rotor–Way to the $35,000 award; therefore, we conclude that it is unnecessary to discuss either of AOA's points of error or Alexander's remaining crosspoint.

We reverse the judgment of the trial court and render judgment for Alexander for indemnification in the amount of $17,500, plus attorney's fees in the amount of: $54,100 for the trial level; $5,000 for the appellate level; $5,000 if application for writ of error to the Supreme Court is filed; and $5,000 if the writ of error is granted.

ROWE, J., concurs.

ROWE, Justice, concurring.

I concur in the result reached by the majority. In particular, I agree that Alexander, as an agent, is entitled to indemnity from its principal, AOA. I would expressly hold, however, that entitlement of the agent to indemnity from its principal exists without regard to the findings on negligence. AOA's first point of error and Alexander's first cross-point can be overruled without additional comment because both deal with negligence, a matter which is of no consequence as between these parties.