AVIATION OFFICE OF AMERICA,
INC. et al., Petitioners,

v.

ALEXANDER & ALEXANDER OF
TEXAS, INC., Respondents.

No. C–7255.

Supreme Court of Texas.

June 1, 1988.

Rehearing Denied June 29, 1988.

ON MOTION FOR REHEARING OF AP-
PLICATION FOR WRIT OF ERROR

PER CURIAM.

Our opinion and judgment delivered
April 6, 1988, are set aside and the follow-
ing is substituted.

This case commenced as an action by
Rotor–Way Helicopter Service, Inc. against
an insurance agent, Alexander & Alexan-
der of Texas, Inc. [Alexander], and two
insurance company defendants, Aviation
Office of America, Inc., and U.S. Fire In-
surance Company, Inc. [collectively AOA],
for failure to provide requested coverage.
Before trial, Alexander and AOA settled
with Rotor–Way for $35,000, each funding
one-half of the settlement. Pursuant to an
agreement between Alexander and AOA,
Rotor–Way was dismissed and the case
was submitted to the jury on claims for
indemnity or contribution. Based on the
jury's verdict apportioning negligence 20
percent and 80 percent to Alexander and
AOA, respectively, the trial court rendered
judgment that Alexander recover $10,500
from AOA, thus leaving a total payment by
Alexander of $7,000, or 20 percent of the
settlement. No attorney's fees were
awarded. The court of appeals reversed
and rendered judgment that Alexander re-
cover full indemnity from AOA, including
attorney's fees. 742 S.W.2d 835. We re-
verse the judgment of the court of appeals.

■ Under its first point of error, AOA
urges that it should have received indemni-
ty against Alexander. Essentially, AOA
contends it was not negligent as a matter
of law and was therefore entitled to full
indemnification from Alexander. Even as-
suming this could qualify as a "no evi-
dence" argument, we need not address it.
Although AOA's first point of error in the
court of appeals alleged "there was no
evidence that any negligence of [AOA] was
a proximate cause ...," AOA assigned no
such point in its motion for rehearing.
Therefore, error, if any, has been waived.
See Oil Field Haulers Ass'n v. Railroad
Comm'n, 381 S.W.2d 183, 189 (Tex.1964)
(for supreme court to have jurisdiction of a
point of error, it must have been "assigned
as error" and "distinctly specified" in the
motion for rehearing in the court of ap-
peals). In these circumstances, AOA has
failed to preserve any evidentiary challenge
to the jury's negligence apportionment.
AOA is therefore bound by the jury's find-

ings of negligence, proximate cause, and percentages against it.

■ Next, AOA argues it was error for the court of appeals to award indemnity in favor of Alexander. We agree. In *Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860, 863 (Tex.1982), we held that the comparative negligence statute "has abolished the common law doctrine of indemnity between joint tortfeasors even though the statute does not expressly mention that doctrine." The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer situation. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819–20 (Tex.1984). Neither party contends for indemnity by contract, as in *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), nor are there any jury findings which might trigger a statutory indemnity right. *See, e.g.*, Tex.Bus. & Com.Code Ann. § 17.555 (Vernon 1987). It is clear that Alexander is only entitled to contribution, which in effect is what the trial court allowed. Alexander urges alternatively that it is entitled to a remand to the court of appeals for consideration of Alexander's cross-point in that court urging there was no evidence of Alexander's negligence. We agree that Alexander's cross-point was preserved. However, we disapprove Alexander's suggestion that its cross-point, if sustained, would authorize full indemnity, *including attorney's fees*, as previously awarded by the court of appeals.

The decision of the court of appeals is in conflict with this court's opinions in *Cypress Creek* and *Bonniwell*. Pursuant to Tex.R.App.P. 133(b), we grant the writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and holds that Alexander is not entitled to indemnity. This cause is remanded to the court of appeals for the sole purpose of considering Alexander's cross-point in that court.