IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-522-CV





NIBCO, INC.,



 APPELLANT


vs.





CONTINENTAL WATER SYSTEMS COMPANY OF CENTRAL TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


 

NO. 196,896, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 





 Nibco, Inc. appeals from a judgment rendered against it on the jury's verdict, and
for a stipulated amount of damages, in a suit brought by Continental Water Systems Company of
Central Texas ("Continental"). We will reverse the trial-court judgment and remand the cause
to the trial court.



THE CONTROVERSY


 Continental purchased a pipe fitting manufactured by Nibco. The fitting cracked
soon after Continental installed it as a component part of a customer's water system, causing the
customer $23,000.70 in property damage. Continental paid that sum to its customer by way of
settlement and compromise, then sued Nibco to recover the $23,000.70 as indemnity, alleging
causes of action for breach of warranty and strict liability for furnishing a defective product.

 In the course of the trial, Continental adduced evidence in support of both causes
of action. Nibco, on its part, introduced evidence in support of its claim for contribution under
the common law and the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 32.001-.003 (West 1986); 33.001-.016 (West Supp. 1994). Nibco based its claim
on allegations that Continental negligently installed the fitting by tightening it excessively and by
using improper tools, and thereby proximately caused the cracking of the fitting and the resulting
property damage. In composing the charge, the trial court denied Nibco's request for submission
of a jury issue on its claim for contribution. The jury found in Continental's favor on the issues
pertaining to defective-product and breach-of-warranty. The trial court rendered judgment
accordingly in the stipulated sum of $23,000.70.



DISCUSSION AND HOLDING


 In its first point of error, Nibco contends the trial court committed reversible error
in refusing to submit its requested issues on contribution. Continental rejoins that the disputed
issue at trial was whether the pipe fitting was defective or whether Continental "altered" the fitting
by installing it improperly; therefore, Nibco's claim was within an instruction that accompanied
Question One included in the charge at Continental's request. (1) Consequently, Nibco's requested
question amounted to a mere phase or shade of Question One that the trial court properly refused. 
See Tex. R. Civ. P. 278. Continental concludes that, by answering Question One "yes," the jury
failed to find Continental had altered the fitting and implicitly attributed to Nibco one hundred
percent of the responsibility for the failure of the fitting.

 A manufacturer is not required to pay for all damages sustained by a consumer
when unforeseeable mishandling or "alteration" of the product contributed to the harm. Duncan
v. Cessna Aircraft Co., 665 S.W.2d 414, 423 (Tex. 1984) (citing General Motors Corp. v.
Hopkins, 548 S.W.2d 344, 351 (Tex. 1977), overruled on other grounds by Duncan, 665 S.W.2d
at 428)). If the product was unforeseeably misused or altered, the manufacturer's liability is
limited to that portion of the harm caused by the product defect itself. Id. Moreover, evidence
of misuse or alteration may be relevant to prove a product was not defective when it left the
manufacturer's hands. See Hopkins, 548 S.W.2d at 349. Product alteration may also combine
with a product defect to cause the total amount of damages. Id.; see also Duncan, 665 S.W.2d
at 428 (noting product defect and negligent conduct may combine to cause entirety of plaintiff's
damages). Thus, product alteration or misuse may be either the sole proximate cause or a
concurring proximate cause of damages. 

 In Duncan, the supreme court adopted a system of comparative causation,
applicable in cases of strict liability for defective products, as a means of apportioning liability
between the defective product and any parties whose negligent conduct combined with the defect
to cause the harm. "The trier of fact is to compare the harm caused by the defective product with
the harm caused by the negligence of the other defendants, any settling tortfeasors and the
plaintiff." Duncan, 665 S.W.2d at 427. Since the Duncan decision, product alteration and misuse
are no longer defenses in a products-liability action; rather, they are within the doctrine of
comparative causation. Placencio v. Allied Indus. Int'l, Inc., 724 S.W.2d 20, 21 n.1 (Tex. 1987)
(citing Duncan, 665 S.W.2d at 428); see also Mooney Aircraft Corp. v. Altman, 772 S.W.2d 540,
544 (Tex. App.--Dallas 1989, writ denied). 

 In 1987, the legislature enacted a system of comparative responsibility substantially
similar to the supreme court's comparative causation formulation in Duncan. Act of June 3, 1987,
70th Leg., 1st C.S., ch. 2, § 2.03, 1987 Tex. Gen. Laws 40 (codified at Tex. Civ. Prac. & Rem.
Code Ann. §§ 33.001-.016 (West Supp. 1994)). Section 33.003 of the comparative responsibility
statute provides: "The trier of fact, as to each cause of action asserted, shall determine the
percentage of responsibility with respect to: (1) each claimant; (2) each defendant; and (3) each
settling person." Tex. Civ. Prac. & Rem. Code Ann. § 33.003 (West Supp. 1994) (emphasis
added). (2)



 "Percentage of responsibility" means that percentage attributed by the trier of
fact to each claimant, each defendant, or each settling person with respect to
causing or contributing to cause in any way, whether by negligent act or omission,
by any defective or unreasonably dangerous product, by other conduct or activity violative of the applicable legal standard, or by any combination of the
foregoing, the personal injury, property damage, death or other harm for which
recovery of damages is sought. 



Tex. Civ. Prac. & Rem. Code Ann. § 33.011(4) (West Supp. 1994). 

 Under the statutory scheme, the claimant is barred from recovery if the jury assigns
to the claimant as much as sixty percent of responsibility for the damages. Tex. Civ. Prac. &
Rem. Code Ann. § 33.001(b) (West Supp. 1994). If the jury finds the claimant less than sixty
percent responsible, the claimant's recovery of damages is reduced by that percentage. Tex. Civ.
Prac. & Rem. Code Ann. § 33.012(a) (West Supp. 1994).

 In the present case, Continental pled an action for common-law indemnity from
Nibco. (3) Indemnity is defined as the total reimbursement of the plaintiff's claim by one tortfeasor
to another who has paid it to the injured party. B & B Auto Supply, Sand Pit & Trucking Co. v.
Central Freight Lines, Inc., 603 S.W.2d 814, 816 (Tex. 1980); see also Gus M. Hodges,
Contribution and Indemnity Among Tortfeasors, 26 Tex. L. Rev. 150, 151 (1947). When the
supreme court adopted a system of comparative causation in Duncan, it abolished the common-law
doctrine of indemnity between joint tortfeasors in strict liability cases. Bonniwell v. Beech
Aircraft Corp., 663 S.W.2d 816, 819 (Tex. 1985). However, a vestige of the common-law action
for indemnity survives in products liability cases to protect the innocent retailer in a chain of
distribution. Id.; Aviation Office of Am., 751 S.W.2d at 180. In Duncan the court stated:



 Comparative causation does not affect the right of a retailer or other member of
the marketing chain to receive indemnity from the manufacturer of the defective
product when the retailer or other member of the marketing chain is merely a
conduit for the defective product and is not independently culpable.



Duncan, 665 S.W.2d at 432 (emphasis added).

 Thus, in order to obtain indemnity from Nibco, Continental must establish: (1)
Nibco manufactured a defective product that was the producing cause of the damages sustained
by Continental's customer; and (2) Continental was merely a conduit for the defective product and
was not independently culpable. See W. R. Grace Co. v. Scotch Corp., 753 S.W.2d 743, 747
(Tex. App.--Austin 1988, writ denied), overruled on other grounds by Roark v. Stallworth Oil &
Gas Co., Inc., 813 S.W.2d 492 (Tex. 1991); see also Thiele v. Chick, 631 S.W.2d 526, 533 (Tex.
App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.) (stating distributor entitled to indemnity where
there was no evidence it altered product). A joint tortfeasor who is independently culpable has
no right to indemnity. USX Corp. v. Salinas, 818 S.W.2d 473, 489 (Tex. App.--San Antonio
1991, writ denied); Ford Motor Co. v. Russell & Smith Ford Co., 474 S.W.2d 549, 561 (Tex.
Civ. App.--Houston [14th Dist.] 1971, no writ). (4) Therefore, Continental would have recovered
nothing from Nibco if the jury had assigned to Continental even a slight percentage of
responsibility for the cracked fitting. The inquiry reduces then, to whether the charge fairly
submitted to the jury this issue: Did Continental's alleged negligence contribute to the failure of
the fitting? 

 Question One asked the jury to determine whether there was a manufacturing defect
in the fitting that was a producing cause of the occurrence in question. The accompanying
instructions explained in part: "A product is not in a defective condition, thus not unreasonably
dangerous when sold, if the unreasonably dangerous condition is solely caused by a substantial
change or alteration of the product after it is sold . . . ." (Emphasis added). These instructions
effectively directed the jury to consider product alteration only if they determined it was the sole
proximate cause of the crack. Although it is true that product alteration may be the sole proximate
cause of damages and thus, negate the existence of a defect, it is also true that an alteration and
a product defect may concur to cause damages. Nibco pled both of these theories. Because there
was no comparative-responsibility query in the charge, the jury was unable to consider Nibco's
theory that a product defect and alteration combined to cause the failure. (5) 

 Moreover, section 33.003 provides in mandatory language that the trier of fact shall
determine the percentage of responsibility attributable to the claimant and the defendant. Nibco
was entitled to have the jury determine if Continental bore some degree of culpable responsibility
for the cracked fitting; such responsibility would defeat Continental's indemnity claim. See USX
Corp., 818 S.W.2d at 490 (stating alleged indemnitor must submit separate questions to establish
indemnitee's culpability and percentage of responsibility to defeat indemnity claim of one
professing to be mere conduit). A judgment may not stand when a party is denied proper
submission of a vital defensive issue that is raised by the pleadings and the evidence. Exxon Corp.
v. Perez, 842 S.W.2d 629, 631 (Tex. 1992); Texas & Pac. Ry. v. Van Zandt, 317 S.W.2d 528,
530 (Tex. 1958); Tex. R. App. P. 81(b)(1). We sustain Nibco's first point of error.

 In light of our disposition of Nibco's first point of error, we need not address
Nibco's second point contending that the trial court erred in failing to grant Nibco's motion for
new trial. 

 We reverse the trial-court judgment and remand the cause to the trial court. 



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: August 31, 1994

Do Not Publish 

1.   Question One and its accompanying instructions were as
follows:


 Was there a manufacturing defect in the pipe
fitting at the time it left the possession of
Nibco, Inc., that was a producing cause of the
occurrence in question?


 A "defect" means a condition of the product that
renders it unreasonably dangerous. An
"unreasonably dangerous" product is one that is
dangerous to an extent beyond that which would be
contemplated by the ordinary user of the product,
with the ordinary knowledge common to the community
as to the product's characteristics.


 A product is not in a defective condition, thus
not unreasonably dangerous when sold, if the
unreasonably dangerous condition is solely caused
by a substantial change or alteration of the
product after it is sold, and but for which
unreasonably dangerous condition the event would
not have occurred. "Substantial change or
alteration" means that the configuration or
operational characteristics of the product are
changed or altered by affirmative conduct of some
person in a manner that the defendant could not
have reasonably foreseen would occur in the
intended or foreseeable use of the product. 
Substantial change or alteration does not include
reasonably foreseeable wear and tear or
deterioration.
2.   Under the statute, Continental qualifies as a claimant,
which is defined as "a party seeking recovery of damages pursuant
to the provisions of Section 33.001, including a plaintiff, 
counterclaimant, cross-claimant, or third-party plaintiff seeking
recovery of damages. In an action in which a party seeks recovery
of damages for . . . damage to the property of another person,
`claimant' includes both that other person and the party seeking
recovery of damages pursuant to the provisions of Section 33.001." 
Tex. Civ. Prac. & Rem. Code Ann. § 33.011(a) (West Supp. 1994). 
Nibco qualifies as a defendant which "includes any party from whom
a claimant seeks recovery of damages pursuant to the provisions of
Section 33.001 at the time of the submission of the case to the
trier of fact." Tex. Civ. Prac. & Rem. Code Ann. § 33.011 (b)
(West Supp. 1994). 
3.   The right to indemnity may rest on an express contract, a
contract implied at common law, or may be conferred by statute. See
Aviation Office v. Alexander & Alexander, 751 S.W.2d 179, 180 (Tex.
1988). In the present case, there is no express contract between
the parties for indemnification, nor is there a statutory right. 
But see Tex. Civ. Prac. & Rem. Code Ann. § 82.002 (West Supp. 1994)
(providing for manufacturer's duty to indemnify, effective for
cases filed after September 1, 1993). 
4.   A joint tortfeasor who is independently culpable may have
a right to contribution, as opposed to indemnity. Ford Motor Co.,
474 S.W.2d at 561. Contribution is the payment by each tortfeasor
of his proportionate share of the plaintiff's damages to any other
tortfeasor who has paid more than his proportionate share. Hodges,
supra, at 151. Because Continental did not seek contribution from
Nibco, it is not entitled to recover a proportionate share of
damages.
5.   Continental argues that because Nibco did not object to the
definition of alteration, it waived any error in connection with
its submission. See Tex. R. Civ. P. 274. There was no reason for
Nibco to object to the definition because the evidence raised the
issue and the instruction was correct. See Woods v. Crane Carrier
Co., 693 S.W.2d 377, 380 (Tex. 1985); 3 Tex. P.J.C. 70.05 (1993). 
However, because the separate "defense" of alteration is now
subsumed within the doctrine of comparative causation since Duncan,
when the evidence raises the issue of alteration or misuse as a
cause of damages, the trial court should submit a comparative
responsibility question in addition to the instruction on
alteration.