Affirmed and Memorandum Opinion filed December 23, 2003









Affirmed and Memorandum Opinion filed December 23,
2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 
14-02-00516-CV

____________

 

CLARK M. CHRISMAN, JR.,
MECHANICS ADJUSTORS, INC.

AND MARINE
ADJUSTORS, INC.,
Appellants

 

V.

 

ELECTRASTART OF HOUSTON,
INC.  D/B/A MOBILE CAR DOCTOR, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No.  00-41126

 



 

M E M O R A N D U M  
O P I N I O N








This is an appeal from a bench trial on cross-claims between
appellants Clark M. Chrisman, Jr., Mechanics Adjustors, Inc. and Marine
Adjustors, Inc. (collectively, the AChrisman Parties@), and appellee
Electrastart of Houston, Inc. d/b/a Mobile Car Doctor
(AMCD@). 
The Chrisman Parties and MCD were defendants in a lawsuit brought by  Ginger Capperrelli
alleging, inter alia, that the Chrisman
Parties wrongfully repossessed and sold her vehicle with the consent of
MCD.  After MCD settled with Capperrelli, the only remaining claims were the
cross-claims between MCD and the Chrisman Parties, both asserting entitlement
to indemnification by the other.  The
Chrisman Parties appeal the take-nothing judgment on their claims.  We affirm.

Background and Procedural Facts

In 1998, Capperrelli took her truck
to MCD for repairs. After MCD performed the repairs on her vehicle, Capperrelli refused to pay a fifty-dollar remaining balance
because she was dissatisfied with MCD=s work.  MCD thereafter contacted Chrisman to do the paperwork to
establish a mechanic=s lien, repossess and, if
necessary, conduct a foreclosure sale of the vehicle.  After a considerable amount of time had
passed, Chrisman located and repossessed Capperrelli=s truck.  Chrisman then purchased the truck for $500.00
after conducting a purported public sale. 
Capperrelli claimed she received no notice of
the lien until after her truck had been repossessed and never received notice
of the public sale.  Capperrelli
reported the allegedly wrongful repossession as a theft of her vehicle and
filed a claim with her insurance company, State Farm Insurance Company (AState Farm@).

Capperrelli sued MCD, along with its principal
owner, Thomas B. Fry, and the Chrisman Parties, alleging poor repair work, an
invalid mechanic=s lien, wrongful repossession, and a wrongful foreclosure
sale of her truck.  After Capperrelli filed this lawsuit, State Farm
intervened and obtained possession of the vehicle.  Capperrelli settled
her claims with MCD and apparently did not pursue any further claims against
MCD or the Chrisman Parties, leaving only the cross-claims pending between the
defendants. The Chrisman Parties sought a declaratory judgment that Chrisman,
individually, was the owner of the truck, and pleaded a cross-claim against MCD
for indemnification.  MCD pleaded a
cross-claim for contribution and statutory indemnity. 

At the conclusion of trial, the trial court filed findings of
fact and conclusions of law. It found the Chrisman Parties were acting as
independent contractorsCnot employees, servants, or agents of MCDCat the time of the repossession and
sale of Capperrelli=s vehicle.  The trial court then concluded neither side
was entitled to indemnification.  This
appeal followed.








The Chrisman Parties challenge the sufficiency of the
evidence and present the following issues for our review: (1) whether, under
the law of contracts or common law, the Chrisman Parties are entitled to
payment for the costs of repossession and to reimbursement for attorneys= fees and defense costs; (2) whether
the trial court=s independent contractor finding is dispositive;
(3) whether MCD ratified the acts of the Chrisman Parties, and thereby assumed
liability to pay for the Chrisman Parties= defense costs; and (4) whether the
specific costs asserted by the Chrisman Parties are proved and
recoverable.  The Chrisman Parties ask
this court to reverse the trial court=s judgment and award repossession
costs of $875.00, plus attorneys= fees in the amount of $21,500.00
through trial, in addition to appellate attorneys= fees.

Standard of Review

A challenge to the legal sufficiency of the evidence is a
question of law.   R.S. v. B.J.J.,
883 S.W.2d 711, 715 (Tex. App.CDallas 1994, no writ). 
We review the trial court=s findings of fact for legal
sufficiency by the same standards applied in reviewing the evidence supporting
a jury=s finding.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex.1996) (per curiam).  A no-evidence point challenging the legal
sufficiency of a finding upon which appellant did not have the burden of proof
will be sustained if there is no more than a scintilla of evidence to support
the finding.  Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002).  We consider only the evidence and inferences
tending to support the trial court=s finding, disregarding all contrary
evidence and inferences.  Id.  A challenge to the legal sufficiency of an
adverse finding upon which the appellant had the burden of proof will be
sustained when the evidence conclusively establishes the contrary
proposition.  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 241 (Tex. 2001) (per curiam).  We first examine the record for evidence that
supports the finding, while ignoring all evidence to the contrary.  Id. 
If there is no evidence to support the finding, we will then examine the
entire record to determine if the contrary proposition is established as a
matter of law.  Id.

 








Analysis

A.        Entitlement to
repossession costs and attorneys= fees

In their first and second issues, the Chrisman Parties
contend they should be reimbursed by MCD for their repossession and defense
costs because a verbal contract for indemnification existed between the
parties.  Alternatively, the Chrisman
Parties argue they should be indemnified based on the parties= alleged agent/principal relationship
or the doctrine of common-law indemnification. 
The trial court found the Chrisman Parties were not entitled to
indemnification under any of the proposed theories because they acted as
independent contractorsCrather than agents of MCDCat the time of the repossession and
the attempted sale of the Capperrelli vehicle.  We agree with the trial court.

1.         Repossession
costs








The parties do not dispute that no express written contract
governed the parties= relationship.  Rather,
the undisputed trial testimony revealed that the Chrisman Parties and MCD
entered into an oral agreement concerning the repossession and potential sale
of Capperrelli=s vehicle.  Under the agreement, each party would be paid
only out of the proceeds from the sale of a repossessed vehicle.  MCD would recover lien proceeds for the
unpaid amount of its repair work; the Chrisman Parties would recover
repossession costs.  The agreement was a
contingency arrangementConly if a repossessed vehicle was sold would MCD and the
Chrisman Parties be paid.  After
examining the entire record for evidence that supports the trial court=s finding, ignoring all evidence to
the contrary, we conclude there is no evidence to support the Chrisman Parties= claim for reimbursement of its
repossession costs.  The trial court=s May 6, 2002 judgment characterizes
the foreclosure of Capperrelli=s truck as an Aattempted sale.@ 
The trial court=s December 21, 2001 order declared State Farm as the rightful
owner and possessor of Capperrelli=s vehicle.  Pursuant to the parties= oral understanding, MCD was not
required to pay the Chrisman Parties for their repossession services if there
was no foreclosure sale generating sale proceeds.  As a result, the Chrisman Parties are not
entitled to recovery of their repossession fees.[1]

2.         Attorneys= fees

a.         Indemnification

The right of indemnification generally arises by express
contract.  American Alloy Steel v.
Armco, 777 S.W.2d 173, 175-76 (Tex. App.CHouston [14th Dist.] 1989, no
writ).  Here, the Chrisman Parties do not
contend a right to indemnity based on a written contract[2]
nor do they have pleadings or findings that might trigger a statutory indemnity
right.  See Aviation Office of
Am., Inc. v. Alexander & Alexander of Tex., Inc., 751 S.W.2d 179, 180
(Tex. 1988) (per curiam).  However, under the doctrine of common-law
indemnity, courts may impose the duty to indemnify based on the relationship
between the parties.  Id.  Common-law indemnity permits a party to
recover its expenditures properly made to discharge liability when, through no
act of its own, it has become subject to tort liability for the unauthorized
and wrongful conduct of another solely based on the relationship between the
parties.  Humana Hosp. Corp. v.
American Med. Sys., Inc., 785 S.W.2d 144, 145 (Tex. 1990).  








Importantly, though, the Texas Supreme Court has abolished
the common-law doctrine of indemnification between joint tortfeasors
in negligence cases.  B&B Auto
Supply v. Central Freight, 603 S.W.2d 814, 816-17 (Tex. 1980).  AThe only remaining vestiges of common
law indemnity involve purely vicarious liability or the innocent product
retailer situation.@  Aviation, 751
S.W.2d at 180.  Relying on Oats v.
Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824 (1936), and Mira Pak,
Incorporated v. G.E. Posey Corporation, 556 S.W.2d 86 (Tex. Civ. App.CWaco 1978, writ ref=d n.r.e.),
the Chrisman Parties argue they are not barred from common-law indemnification
because they are not joint tortfeasors.  They further contend they are entitled to
indemnity based on their status as MCD=s agents.  See Oats, 127 Tex. at 11-12, 90 S.W.2d
at 829 (finding that Aan agent who in the performance of his duties for his
principal incurs liability for an act not morally wrong, may have indemnity
from the principal@).  However, the Texas
Supreme Court has essentially overruled the cases relied upon by appellants and
determined that, in cases governed by the comparative responsibility statute,
an agent no longer has the common-law right of indemnity from his
principal.  Aviation, 742 S.W.2d
at 837; see also Tex. Civ. Prac.
& Rem. Code Ann. ' 33.001 et seq. (Vernon 1997) (proportionate
responsibility statute). 

b.         Status as
independent contractors

The Chrisman Parties contend that, because no finding of
fault was made against them, they are not joint tortfeasors
with MCD.  However, appellants and MCD
were sued as joint tortfeasors.  Moreover, whether the parties are joint tortfeasors does not hinge on a legal determination of
fault, but on whether the comparative responsibility statute would have been
utilized in the case.  See B&B
Auto, 603 S.W.2d at 817.  If there
was an independent tort basis for Capperrilli to sue
the Chrisman Parties, the case would have been governed by the comparative
responsibility statute.  Id.  Here, Capperrilli
sued MCD for wrongful repossession.  She
also sued the Chrisman Parties for conversion and a wrongful foreclosure
sale.  Accordingly, if the Chrisman
Parties acted independently when they sold Capperrilli=s vehicle, they were sued for their
own acts, are joint tortfeasors with MCD, and are
barred from seeking common-law indemnification from MCD.[3]  








The critical question then becomes whether the Chrisman
Parties were acting as independent contractors at the time of the repossession
and alleged public sale such that they are joint tortfeasors
with MCD.  So, contrary to the assertion
of the Chrisman Parties, the trial court=s determination of appellants= status as independent contractors is
dispositive of their claims in this case.

Appellants argue in their second issue that there is legally
insufficient evidence to support a finding that they were independent
contractors.  We reject appellants= argument because, considering only
the evidence and inferences tending to support the trial court=s finding and disregarding all
contrary evidence and inferences, there is more than a scintilla of evidence to
support the trial court=s independent-contractor finding.  

A worker is an employee/agent rather than an independent
contractor if the employer has the right to control the progress, details, and
methods of operations of the work, considering (1) the independent nature of
the worker=s business; (2) the worker=s obligation to furnish necessary
tools, supplies, and materials to perform the job; (3) the worker=s right to control the progress of
the work except about final results; (4) the time for which the worker is
employed; and (5) the method of payment, whether by unit of time or by the job.
See Limestone Prods. Dist., Inc. v. McNamara, 71 S.W.3d 308, 312 (Tex.
2002).  MCD had no involvement in hiring
the tow truck driver to do the repossession, providing tools or materials for
the physical repossession, deciding the time and location of the repossession,
deciding the location of storage of the truck after repossession, sending out
the notice of lien letters (including to whom, where and how the notice of lien
letters were sent), preparing the lien documents, conducting the alleged public
sale, or preparing and deciding on the location of the public sale, content of
the notices of the public sale, or where the notices were posted.








MCD=s principal testified he never instructed Chrisman how to do
his job; he relied upon the Chrisman Parties= expertise in repossession.  MCD merely controlled the end sought to be
accomplishedCdetermining whose vehicle would be
repossessed and the amount owed by the mechanic=s lien.  The Chrisman Parties, on the other hand,
controlled the means and details of accomplishing the work.  See id. at 313 (holding that worker
was independent contractor, not employee, and therefore, company was not
vicariously liable for negligence of worker) (citations omitted).  

We conclude the evidence is legally sufficient to support the
trial court=s findings that appellants were independent
contractors, not agents of MCD.  See
Astra Oil Co., Inc. v. Diamond Shamrock Ref. Co.,
L.P., 89 S.W.3d 702,
706 (Tex. App.CHouston [1st Dist.] 2002, pet. denied) (stating
that parties had a contractual relationship, not a relationship giving rise to
vicarious liability).  Accordingly, the
Chrisman Parties= first and second issues are overruled.

B.        Ratification

In their third issue, appellants argue MCD ratified the acts
of the Chrisman Parties and, therefore, assumed liability for the Chrisman
Parties= repossession and defense costs.  Ratification is the adoption or confirmation
by a person, with knowledge of all material facts, of a prior act which did not
then legally bind that person and which that person had the right to
repudiate.  Vessels v. Anschutz Corp., 823 S.W.2d 762, 764 (Tex. App.CTexarkana 1992, writ denied).  Ratification may either be express or
implied, but it must result from acts clearly evidencing an intention to
ratify.  Daugherty v. McDonald,
407 S.W.2d 954, 958 (Tex. Civ. App.CFort Worth 1966, no writ).  Ratification of an agent=s wrongful conduct may occur when the
principal retains the benefits of the transaction after he has acquired
knowledge of the agent=s wrongful act.  Land
Title Co. v. F. M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex.1980).  ARatification is essentially a
question of fact, to be determined from all the circumstances and evidence . .
. .@ 
Colvin v. Blanchard, 103 S.W. 1118, 1119 (Tex. 1907).








The Chrisman Parties argue MCD ratified their conduct because
MCD failed to withdraw its lien rights either before or after the repossession
and attempted foreclosure sale.  The
Chrisman Parties also contend they repeatedly advised MCD=s principal of its activities and
kept him informed of their actions.  The
record reflects, however, that MCD=s principal was not told the details
of the repossession and sale. 
Accordingly, there is no evidence that MCD came into full possession of
all the facts in order to ratify the Chrisman Parties= allegedly wrongful conduct.  Moreover, it is undisputed that the
Chrisman Parties never paid MCD the lien proceeds out of the purported sale
proceeds; therefore, MCD did not retain a benefit from the alleged wrongful
repossession and foreclosure sale of Capperrelli=s vehicle.  Hence, there was legally insufficient
evidence for the trial court to find ratification.  Regardless, even if MCD had ratified the acts
of the Chrisman Parties, appellant cites no authority for the proposition thatCin addition to making MCD liable to
third-parties for the actions of the Chrisman PartiesCthe doctrine would require MCD to
assume liability for the Chrisman Parties= repossession and defense costs.  We overrule appellant=s third issue.

Because we have overruled appellants= first, second, and third issues, we
need not address their fourth issue regarding proof of damages. 

                                                                Conclusion

Finding no error, we affirm the trial court=s judgment.

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 23, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.











[1]  The Chrisman
Parties also allege that the existence of an oral agreement entitles them to
recovery of their attorneys= fees pursuant to chapter 38 of the Texas Civil
Practice and Remedies Code.  However, in
the absence of a valid claim for breach of contract regarding the repossession
costs, they are not entitled to recovery of attorneys= fees pursuant to chapter 38.  See
Tex. Civ. Prac. & Rem. Code ' 38.002
(listing elements for recovery of a valid claim on a contract under Texas Civil
Practice and Remedies Code). 





[2]  The Chrisman
Parties cannot make a claim for indemnification based solely on the existence
of an alleged oral agreement between the parties.  American Alloy, 777 S.W.2d at 175-76. 





[3]  Additionally,
under the facts of this case, if the Chrisman Parties were acting as
independent contractors, they could not have assumed vicarious liability based
solely on the conduct of MCD.  See
generally, e.g., St. Anthony=s
Hosp. v. Whitfield, 946 S.W.2d 174,
175 (Tex. App.CAmarillo 1997, writ denied).