## HUMANA HOSPITAL CORP.

v.

## AMERICAN MEDICAL SYSTEMS, INC.

No. C–8899.

Supreme Court of Texas.

Feb. 28, 1990.

Rehearing Overruled April 4, 1990.

Richard N. Francis, Jr., Jerry A. Gibson, San Antonio, for Humana Hosp. Corp.

John Milano, Jr., San Antonio, for American Medical Systems Inc.

## OPINION

MAUZY, Justice.

This case comes to us on a question certified by the United States Court of Appeals for the Fifth Circuit. *See Smith v. American Medical Systems, Inc.*, 876 F.2d 434 (5th Cir.1989). Pursuant to Texas Constitution article 5, § 3-c and Texas Rule of Appellate Procedure 114, we have jurisdiction to answer the question certified, which is:

Under Texas law, is a seller of a product entitled to indemnification from the manufacturer for attorney's fees incurred by seller during the litigation where the manufacturer settles the case with the plaintiff before a judicial determination of the liability of the parties is made?

The facts are undisputed: In 1984 Andrew Smith filed a negligence/strict products liability suit in federal district court to recover damages arising from the rupture of a prosthetic penile device. Named as defendants in the suit were Humana Hospital and American Medical Systems. The device was designed, manufactured, and sold by American Medical Systems to Humana Hospital. Humana Hospital then supplied the device to Smith's physician for the surgical implant. Humana made no changes or alterations in the device, and the hospital was not alerted to any alleged defects in its design or manufacture.

Humana Hospital filed a motion for partial summary judgment seeking indemnity and attorney's fees from American Medical Systems. The trial court granted Humana Hospital's unopposed motion for summary judgment, which would have entitled the hospital to be indemnified by American Medical Systems *in the event of a recovery by plaintiff against Humana Hospital.* However, the court's order did not refer to the hospital's request for attorney's fees and costs.

Subsequently, American Medical Systems settled with the plaintiff *without a judicial determination of the liability of the parties.* Humana Hospital objected to the court's order of May 28, 1987, which disposed of the case, because the court did not award Humana Hospital attorney's fees it had incurred in defending the case. In an order filed on February 4, 1988, the district court denied Humana Hospital's claim for indemnification from American Medical Systems for attorney's fees incurred during the course of the suit. An appeal to the Fifth Circuit followed.

To find the answer to the question certified to us, we need only consider the fundamental principle underlying indemnity law. Generally speaking, a person who, without personal fault, has become subject to tort liability for the unauthorized and *wrongful* conduct of another, is entitled to full indemnity from the other for expenditures properly made to discharge the liability. *See* Lee & Lindahl, *Modern Tort Law* § 20.02 (1989). We noted in *City of San Antonio v. Talerico*, 98 Tex. 151, 81 S.W. 518, 520 (1904), that it is a "general principle[ ] of law [that an] active *wrongdoer* may be made to indemnify one who has been subjected to, or is sought to be held liable for, damage through his *wrong.*" (Emphasis added). More recently, in *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 446 (Tex.1989), we made the point that "[t]here is no right of indemnity against a defendant who is *not* liable to the plaintiff." (Emphasis added.)

In this cause, there has been no judicial finding that American Medical Systems was negligent or that the prosthesis was unreasonably dangerous. In other words, there has been no judicial determination—or admission—that American Medical Systems was, or could have been, legally liable to Smith in any way. Unless and until there is such a determination, Humana Hospital's claim for indemnity is premature.

For the reasons stated previously, our answer to the certified question is "no".