**Andrew C. SMITH, Plaintiff,**

v.

**AMERICAN MEDICAL SYSTEMS, INC., Defendant–Appellee,**

v.

**HUMANA HOSPITAL CORPORATION, INC., Defendant–Appellant.**

No. 88–5527.

United States Court of Appeals, Fifth Circuit.

April 4, 1990.

Richard Francis and Jerry A. Gibson, Plunkett, Gibson & Allen, San Antonio, Tex., for defendant-appellant.

John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Tex., for defendant-appellee.

Before WILLIAMS and GARWOOD, Circuit Judges, and POLOZOLA,* District Judge.

FRANK J. POLOZOLA, District Judge:

In our original opinion,[1] we certified the following question to the Texas Supreme Court:

> Under Texas law, is a seller of a product entitled to indemnification from the manufacturer for attorney's fees incurred by seller during the litigation where the manufacturer settles the case with the plaintiff before a judicial determination of the liability of the parties is made?

In response to our certification, the Texas Supreme Court has ruled as follows:[2]

---

2. *Humana Hospital Corp. v. American Medical Systems, Inc.,* 785 S.W.2d 144 (Texas 1990).

In this cause, there has been no judicial finding that American Medical Systems was negligent or that the prosthesis was unreasonably dangerous. In other words, there has been no judicial determination—or admission—that American Medical Systems was, or could have been legally liable to Smith in any way. Unless and until there is such a determination, Humana Hospital's claim for indemnity is premature.

For the reasons stated previously, our answer to the certified question is "no".[3]

Therefore, the opinion of the district court is AFFIRMED.