**ST. ANTHONY'S HOSPITAL and Incarnate Word Health Services, Appellants,**

v.

**Nada WHITFIELD, R.N., Appellee.**

No. 07–96–0061–CV.

Court of Appeals of Texas, Amarillo.

May 28, 1997.

Rehearing Overruled June 27, 1997.

Sanders, Baker & Jesko, P.C., Roger Cox, Amarillo, for appellants.

Crenshaw, Dupree & Milam, L.L.P., Cecil Kuhne, W.C. Bratcher, Lubbock, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

DODSON, Justice.

St. Anthony's Hospital/Incarnate Word Health Services (the Hospital) appeals the trial court's summary judgment rendered in favor of Nada Whitfield, R.N., on the Hospital's cross-claim for indemnity. The Hospital's cross-claim for indemnity arose from an action brought by Preston and Velma Samuel against Whitfield, individually and as an employee of the Hospital, and the Hospital, alleging negligence by Whitfield and vicarious liability by the Hospital for injuries allegedly sustained by Preston while under Whitfield's care at the Hospital. Concluding that Whitfield failed to conclusively negate at least one essential element of the Hospital's cross-claim for indemnity, we reverse and remand.

The record shows that Preston Samuel was hospitalized at St. Anthony's Hospital in April of 1990. While under Whitfield's care, Preston experienced symptoms of progressive neurological impairment. Preston and his wife Velma then sued both Whitfield and the Hospital asserting that Whitfield had committed negligent acts while acting in the course and scope of her employment. The Hospital's liability, according to the petition, was based upon the vicarious liability theory of respondeat superior. The Hospital filed a cross-claim against Whitfield for indemnification. The Samuels' settled with Whitfield, releasing her from all claims and causes of action. Thereafter, the Samuels settled with the Hospital and released it from all claims and causes of action.

In December of 1994, the trial court rendered a take-nothing judgment as between Whitfield and the Samuels, which arose from the $500,000 settlement between Whitfield and the Samuels which released Whitfield of all claims and causes of action against her by the Samuels. In March of 1995, the trial court rendered a similar take-nothing judgment as between the Hospital and the Samuels. This second judgment, which fully and finally discharged the Hospital from all its liability to the Samuels, was rendered as a result of a $250,000 settlement between the Hospital and the Samuels.

With only the Hospital's cross-action remaining in the lawsuit, Whitfield filed a motion for summary judgment against the Hospital. In her motion, Whitfield asserted in pertinent part the following:

(1) [n]either indemnity nor contribution is recoverable from a party with respect to whom the plaintiffs have no cause of action.

It is undisputed that the Plaintiffs have no cause of action against Defendant Whitfield because Plaintiffs have fully settled and released all asserted claims and causes of action against Defendant Whitfield.

(2) Under Section 33.015(d), Texas Civil Practice and Remedies Code, it is specifically provided:

"No defendant has a right of contribution against any settling person."

It is undisputed that Defendant Whitfield is a settling person under Section 33.011(5), Texas Civil Practice and Remedies Code, and that the Hospital Defendants have no right of contribution or indemnity against Defendant Whitfield.

(3) When a defendant enters into a settlement agreement with a plaintiff, such settlement agreement extinguishes, as a matter of law, any asserted right of indemnity or contribution which such settling defendant might have even against a nonsettling tortfeasor [sic].

(Emphasis omitted.) The trial court granted Whitfield's motion without stating any specific basis for the judgment.

By four points of error, the Hospital contends the trial court erred in granting Whitfield's motion. In its point of error one, the Hospital contends that the motion should have been denied by the trial court because the motion incorrectly asserted that the Hospital's cross-action was grounded in a statutory scheme of joint-tortfeasor contribution, as opposed to the common law provisions of indemnity. In point of error two, the Hospital contends that the trial court erred in granting the motion because, as Whitfield's employer, the Hospital was entitled to indemnity from Whitfield regardless of Whitfield's earlier settlement with the Samuels. In point of error three, the Hospital contends it was effectively precluded from presenting evidence necessary to establish its claim for indemnity. Finally, by point of error four, the Hospital contends a fact issue was created regarding the magnitude of Whitfield's indebtedness to the Hospital.

For a defendant to be entitled to summary judgment, it must disprove, as a matter of law, at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). The question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). Rather, when reviewing the summary judgment record, we apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management* Co., 690 S.W.2d 546, 548–49 (Tex.1985). Further, when a summary judgment order does not specify the basis upon which it is granted, the appellant must show that each independent ground alleged in the motion is insuffi-cient to support summary judgment, and the summary judgment will be upheld on any theories asserted by the movant that are supported by the evidence. *Rogers v. Ricane Enterprises,* Inc., 772 S.W.2d 76, 79 (Tex.1989).

■ Before considering the Hospital's points of error and Whitfield's grounds for summary judgment, it is necessary to discuss the difference between the theories of indemnity and contribution, and how they apply to a theory of respondeat superior under Texas law. There is a distinct difference in the two theories of recovery, in that contribution is recoverable when both tort-feasors are at fault because of their own independent acts, whereas indemnity is recoverable in situations where one tort-feasor is liable for the acts of another based purely on the relationship between the two.

■ The theory of contribution is governed in Texas by Chapter 33 of the Civil Practice and Remedies Code. Chapter 33 sets out the guidelines by which defendants separate their proportionate amount of liability due to their percentage of fault. Section 33.015 sets out the guidelines by which contribution may be recovered by one defendant against another. Contribution may be recovered by a defendant who has paid more than his proportionate share of damages to a plaintiff, according to his percentage of fault, from another defendant who is also at fault. Tex. Civ. Prac. & Rem.Code Ann. § 33.015 (Vernon Supp.1997). In other words, each defendant is liable for the amount of damage proportionate to his own independent acts, and if one defendant has paid more than his share to the plaintiff, he may recover from the other defendants up to their percentage of fault.

■ Common law indemnity, on the other hand, has been abolished in Texas except in cases where the defendant's liability is purely vicarious. *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex.1980). Vicarious liability is liability placed upon one for the conduct of another, based solely upon the relationship between the two. Black's Law Dictionary 1566 (6th ed. 1990). Therefore, common law indemnity

is recoverable by a defendant who, through no act of his own, has been made to pay for the negligence of another defendant based solely upon the relationship between the two defendants.

■ The doctrine of respondeat superior, which is the basis for the Hospital's indemnity claim in the present case, is based on the theory that the employer is liable for the negligence of its employee, though there has been no negligence on the part of the employer. *Marange v. Marshall*, 402 S.W.2d 236, 241–42 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); *White v. Dennison*, 752 S.W.2d 714, 716 (Tex.App.—Dallas 1988, writ denied). Under the doctrine of respondeat superior, the employer is exposed to liability not because of any negligence on its part, but because of the employee's negligence in the scope of that employment. *Marange v. Marshall*, 402 S.W.2d at 238. Therefore, it is clear that because respondeat superior is a theory based on purely vicarious liability, the employer's right of recovery against the employee is through indemnity rather than contribution.

In point of error one, the Hospital contends the trial court erred in granting Whitfield's motion for summary judgment because the Hospital's claim was for indemnity based purely on vicarious liability, rather than for contribution based upon joint-tortfeasor liability. In her motion for summary judgment, Whitfield asserted that the Hospital has no right of contribution or indemnity against Whitfield under the Texas Civil Practice and Remedies Code, Section 33.015(d), which states, "No defendant has a right of contribution against any settling person."

■ It is clear from the record that no negligence on the Hospital's part was alleged in the Samuels' action against Whitfield and the Hospital. Indeed, the Samuels sued the Hospital on a theory of respondeat superior, a cause of action for vicarious liability. Also, we note that Whitfield brought no cross-claim against the Hospital ground in negligence or any other theory of recovery. Therefore, because no negligence by the Hospital has been alleged by any party, the Hospital's cross-claim is for common law indemnity based on the vicarious liability theory of respondeat superior, which was alleged in the action brought by the Samuels against Whitfield and the Hospital.

Section 33.017 of the Texas Civil Practice and Remedies Code states in pertinent part:

Nothing in this chapter shall be construed to affect any ... rights of indemnity granted ... at common law. To the extent of any conflict between this chapter and any right to indemnification granted by ... common law, those rights of indemnification shall prevail over the provisions of this chapter.

Accordingly, because the Hospital's claim is for common law indemnity under the vicarious liability theory of respondeat superior, Section 33.015 of the Texas Civil Practice and Remedies Code does not apply on these facts, and the trial court erred in granting summary judgment on these grounds. The Hospital's first point of error is sustained.

By its second, third and fourth points of error the Hospital contends that the trial court erred in granting Whitfield's motion for summary judgment because the Hospital had a right to be indemnified by Whitfield despite the settlement of the underlying claims against Whitfield and the Hospital. The Hospital further claims that because that right to indemnification existed, a fact issue was created regarding the magnitude of indebtedness which Whitfield owed the Hospital.

In her motion for summary judgment and on appeal, Whitfield argues that, notwithstanding Section 33.015 of the Texas Civil Practice and Remedies Code, the Hospital has no right of indemnity or contribution in this case because: 1) the settlement between Whitfield and the Samuels extinguished all of the Samuels' claims against Whitfield, and therefore no right of indemnity or contribution exist against Whitfield; or 2) the settlement between the Hospital and the Samuels extinguished, as a matter of law, any right to indemnity or contribution the Hospital has against Whitfield. Because the points of error encompass the remaining grounds for summary judgment, we shall consider below each ground for summary judgment alleged in Whitfield's motion.

Whitfield asserts in her motion for summary judgment that once she settled with the Samuels, the Samuels no longer had a cause of action against Whitfield, and therefore the Hospital no longer had a cause of action for indemnity against Whitfield. Texas case law, however, holds otherwise.

When a defendant employee has been released from liability by settlement with the original plaintiff, the remaining vicarious liability of the employer is not extinguished unless the settlement is in full satisfaction of the plaintiff's claims against both the employee and the employer. *Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 807 (Tex.1980). As discussed above, a cause of action for common law indemnity exists where the indemnity claimant's liability is purely vicarious. *B & B Auto Supply*, 603 S.W.2d 814.

Therefore, Whitfield must show that the settlement between her and the Samuels was in full satisfaction of the claims against both her and the Hospital in order for the Hospital's right of indemnity against Whitfield to be extinguished. Whitfield presented no summary judgment evidence to show that her settlement with the Samuels was in full satisfaction of the Samuels' claims against Whitfield and the Hospital. Therefore, the trial court erred in granting summary judgment on this ground.

On appeal, Whitfield cites numerous Texas cases to support her position that neither indemnity nor contribution is recoverable from a defendant against whom the plaintiff has no cause of action. But none of the cases cited by Whitfield are controlling in the present case for two reasons. First, a great number of the cases cited involve claims where both defendants were allegedly negligent and therefore liable for contribution rather than indemnity. Because the Hospital's liability is based on purely vicarious liability, indemnity is the correct theory of recovery and the cases cited by Whitfield based on contribution are not controlling.

Second, the cases cited by Whitfield that could be said to involve claims for indemnity involve situations in which the original plaintiff (the Samuels) **never** had a valid claim against the indemnitor (Whitfield). The present case involves a valid original claim by the Samuels against Whitfield, which was released only by settlement between the Samuels and Whitfield. Therefore, the remaining cases cited by Whitfield are not controlling in the case at bar.

Whitfield also asserts in her motion for summary judgment that once the Hospital settled with the Samuels, the Samuels no longer had a cause of action against the Hospital, and therefore the Hospital no longer had a cause of action for indemnity against Whitfield. Again, pertinent Texas case law dictates a different result.

When an indemnitee (the Hospital) settles the claim of its indemnitor (Whitfield) without a judicial determination of the indemnitor's liability, the indemnitee must satisfy three elements in order to be entitled to indemnity: 1) that it was potentially liable to the plaintiffs; 2) that the settlement was made in good faith; and 3) that the settlement was a reasonable amount under the circumstances. *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 497 (1958). Upon such a showing, the indemnitee may recover the amount paid in settlement of the claim.

Whitfield, as movant for summary judgment, must conclusively negate an essential element of the Hospital's claim. *Lear Siegler, Inc.*, 819 S.W.2d 470. There is no evidence in the summary judgment record that would negate any of the three elements recited above and thereby release Whitfield from indemnification liability to the Hospital. Therefore, the trial court erred in granting summary judgment on this ground.

Again, Whitfield cites numerous cases to support her position that when a defendant enters into a settlement agreement with a plaintiff, the settlement agreement extinguishes, as a matter of law, any claim of indemnity or contribution the settling defendant might have against another tortfeasor. However, as discussed above, indemnification and contribution are separate, distinct and dissimilar theories of recovery. The cases cited by Whitfield in support of her ground for summary judgment apply to causes of action for contribution, rather than causes of action for indemnity. And, as we stated

earlier, the Hospital's cross-claim is based on common law indemnity rather than contribution. Accordingly, Whitfield's contribution cases do not support her position that her settlement and take-nothing judgment preclude the Hospital's cross-claim for indemnification. Consequently, the Hospital's second, third and fourth points of error are sustained.

In sum, we sustain the Hospital's four points of error, reverse the trial court's summary judgment and remand the case to the trial court for proceedings consistent with this opinion.